1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

JOHN ROBERT DEMOS, JR.,

                     Plaintiff,

    v.

DONALD J. TRUMP, et al.,

                     Defendant.

Case No. C22-1293-MJP-SKV

REPORT AND RECOMMENDATION

14

15

16

17

18

19

       Plaintiff John R. Demos, a bar-order litigant, presents to this Court for filing an

application to proceed *in forma pauperis*, Dkt. 1, and a 42 U.S.C. § 1983 civil rights complaint,

Dkt. 1-1.  Plaintiff brings claims against former President Donald J. Trump and the Honorable

Aileen Cannon, among others, alleging harms resulting from Trump's "mishandling of national

security documents" and Judge Cannon's decision to block the "U.S. Justice Dept's and the

CIA's investigation" into the same. *Id.* at 5.

20

21

22

23

       Plaintiff is well-known locally and nationally as an abusive litigant.  He is under pre-

filing bar orders in a number of courts, including this Court, the Eastern District of Washington,

the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme

Court.  *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).  In this Court, Plaintiff is permitted

REPORT AND RECOMMENDATION - 1

1    to submit only three IFP applications and proposed actions each year. *See In re John Robert*

2    *Demos*, No. C91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions*

3    *Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). *See also Demos v. Stanley*,

4    MC97-0031-JLW (W.D. Wash. Mar. 13, 1997) (providing for the return without filing of any

5    petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless

6    accompanied by the filing fee). Plaintiff must also, under 28 U.S.C. § 1915(g), demonstrate

7    "imminent danger of serious physical injury" to proceed IFP because he has had more than three

8    prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v.*

9    *Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

10        Plaintiff seemingly asserts imminent danger in his proposed complaint. *See* Dkt. 1-1 at 6

11    ("I plead imminent danger both for myself, and for America."). But even assuming his assertion

12    constitutes a "plausible allegation that [he] faced imminent danger of serious physical injury at

13    the time of filing[,]" *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal

14    citations omitted), Plaintiff has already reached his yearly filing limit. *See, e.g., Demos v. Wash.*

15    *State Dep't of Corr.*, C22-0507-JCC-DWC (W.D. Wash. 2022); *Demos v. Wash. State Dep't of*

16    *Corr.*, C22-0502-LK-JRC (W.D. Wash. 2022); *Demos v. State of Wash. et al.*, C22-0489-RSM-

17    BAT (W.D. Wash. 2022); *Demos v. Satterberg*, C22-0271-JHC (W.D. Wash. 2022). He is

18    therefore precluded from proceeding IFP in this action.

19        Nor does it seem likely that this action would proceed even if Plaintiff were to pay the

20    filing fee. For example, in order to state a claim under § 1983, a plaintiff must show (1) that he

21    suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

22    that the violation was proximately caused by a person acting under color of state or federal law.

23    *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

1   While Plaintiff invokes various provisions of the Constitution in his proposed complaint, *see*

2   Dkt. 1-1 at 5, 8, none of them pertain to Plaintiff's constitutionally protected rights.  Instead, they

3   pertain to the powers afforded to the executive branch and those denied to the states under the

4   Constitution.  Further, Plaintiff fails to allege a violation of any rights created by federal statute,

5   and names defendants, including Judge Cannon and U.S. Attorney General Merrick Garland,

6   who are likely immune from liability.  *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991) (judicial

7   immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430–31(1976) (prosecutorial immunity).

8          Plaintiff has therefore failed to state a claim under § 1983, and the Court recommends

9   that Plaintiff's IFP application, Dkt. 1, be DENIED and this action be DISMISSED without

10  prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B) (providing that the Court may deny an application to

11  proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which

12  relief may be granted).  A proposed Order accompanies this Report and Recommendation.

13         Objections to this Report and Recommendation, if any, should be filed with the Clerk and

14  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

15  and Recommendation is signed.  Failure to file objections within the specified time may affect

16  your right to appeal.  Objections should be noted for consideration on the District Judge's

17  motions calendar for the third Friday after they are filed. Responses to objections may be filed

18  within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter

19  will be ready for consideration by the District Judge on **October 14, 2022.**

20         Dated this 22nd day of September, 2022.

21

22

23                                                    _____
                                                      S. KATE VAUGHAN
                                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 3